UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DELFINA MOTA,<br><br>                                  Plaintiff,<br>v.<br><br>TRI-CITY HEALTHCARE DISTRICT dba TRI-CITY MEDICAL CENTER; UNITED STATES OF AMERICA; DAVID SEIF, M.D.; ANESTHESIA SERVICES MEDICAL GROUP, INC., and DOES 1 through 30, inclusive,<br><br>                                Defendants. | Case No.: 19-cv-1212-AJB-NLS<br>Related Case: 18-cv-2775-AJB-NLS<br><br>**ORDER GRANTING DEFENDANT TRI-CITY HEALTHCARE DISTRICT DBA TRI-CITY MEDICAL CENTER'S MOTION FOR SUMMARY JUDGMENT**<br><br>**(Doc. No. 50)** |

      Pending before the Court is Defendant Tri-City Healthcare District dba Tri-City Medical Center's ("TCHD") motion for summary judgment of Plaintiff Delfina Mota's ("Mota") claims for failure to present a government claim as required by California Government Code § 915(a). (Doc. No. 50.) Mota filed an opposition to the motion. (Doc. No. 50.) TCHD thereafter replied to Mota's opposition. (Doc. No. 53.) Pursuant to Civil Local Rule 7.1.d.1, the Court finds the instant matter suitable for determination on the papers and without oral argument. For the reasons set forth more fully below, the Court **GRANTS** TCHD Defendant's motion for summary judgment.

1

## I. BACKGROUND

On or about November 15, 2017, at approximately 11:51 am, Mota, who was 41 weeks and 4 days pregnant, presented to co-Defendant TCHD, for the inducement of labor. (Second Amended Complaint ("SAC"), Doc. No. 29, ¶ 24.) Mota's claims for medical malpractice and medical battery arise out of the performance of a cesarian section surgery, allegedly without the benefit of anesthesia, upon Mota during the labor and delivery of her child. (Doc. No. 52 at 1.)

Plaintiffs filed their First Amended Complaint in state court. The United States then removed Plaintiffs' action to this Court on June 28, 2019. (Doc. No. 1.) On July 5, 2019, ASMG Defendants filed a motion to dismiss Plaintiffs' FAC. (Doc. No. 3.) On November 21, 2019, the United States filed a motion to dismiss Plaintiffs Paul Iheanachor ("Iheanachor") and Salazar for failure to state a claim. (Doc. No. 20.) On March 16, 2020, this Court dismissed Iheanachor's NIED claims against the United States and ASMG Defendants, and this Court dismissed Mota's medical battery claim against AMSG Defendants, both without leave to amend. (*See generally* Doc. No. 28.) Plaintiffs filed a SAC on March 23, 2020. (Doc. No. 29.) The SAC asserts claims for (1) medical malpractice by Mota against all Defendants, (2) medical battery by Mota against Defendants United States and Tri-City and, (3) NIED by Salazar against all Defendants. (*Id.*) The United States and ASMG Defendants thereafter moved to dismiss only the NIED claims brought by Salazar. (Doc. Nos. 35, 37.) On March 24, 2021, this Court granted Defendants' United States and ASMG's motion to dismiss Plaintiff Salazar's NIED claim without leave to amend. (Doc. No. 44.) The instant motion follows.

At all relevant times, TCHD owned and operated Tri-City Medical Center. (Doc. No. 50 at 5.) TCHD was a local public entity in the form of a public hospital district, defined by California Government Code § 900.4, and subject to the claims presentation requirements under California Government Code §§ 910 et. seq. (*Id.* at 6.) TCHD has a governing board, consisting of a chairperson, vice chairperson, secretary, treasurer, assistant secretary, assistant treasurer, and a board member at large. (*Id.*) TCHD did not

2

have a designated auditor at any relevant time. (*Id.*)

On March 9, 2018, counsel for Mota sent a certified letter containing a notice of claim against TCHD, addressed to: "Tri-City Healthcare District, Tri-City Medical Center, 4002 Vista Way, Oceanside, CA 92056, Attention: Legal Affairs, pertaining to the 'NOTICE OF CLAIM AGAINST PUBLIC ENTITY PURSUANT TO CALIFORNIA GOVERNMENT CODE SECTION 900, et seq.'" (Doc. No. 52 at 3.) As of March 2018, the person most knowledgeable at TCHD with regard to handling tort claims against TCHD was Marsha Cavanaugh, TCHD's risk manager. (*Id.*) The notice of claim was received by Ms. Cavanaugh, who then turned it over to Susan M. Bond, Esq., head of TCHD's legal department, sometime in April 2018. (*Id.* at 3–4.) Ms. Bond thereafter notified outside counsel that she was served with the tort claim notice and, while under direction of outside counsel, did not forward a copy of the claim to any member of the Board. (*Id.* at 4.)

## II.   LEGAL STANDARD

A court may grant summary judgment when it is demonstrated that there exists no genuine dispute as to any material fact, and that the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a); *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). The party seeking summary judgment bears the initial burden of informing a court of the basis for its motion and of identifying the portions of the declarations, pleadings, and discovery that demonstrate an absence of a genuine dispute of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). A fact is "material" if it might affect the outcome of the suit under the governing law. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–49 (1986). A dispute is "genuine" as to a material fact if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. *See Long v. Cty. of L.A.*, 442 F.3d 1178, 1185 (9th Cir. 2006).

Where the moving party will have the burden of proof on an issue at trial, the movant must affirmatively demonstrate that no reasonable trier of fact could find other than for the movant. *See Soremekun v. Thrifty Payless, Inc.*, 509 F.3d 978, 984 (9th Cir. 2007). Where the non-moving party will have the burden of proof on an issue at trial, the movant may

3

prevail by presenting evidence that negates an essential element of the non-moving party's claim or by merely pointing out that there is an absence of evidence to support an essential element of the non-moving party's claim. *See Nissan Fire & Marine Ins. Co. v. Fritz Companies*, 210 F.3d 1099, 1102–03 (9th Cir. 2000). If a moving party fails to carry its burden of production, then "the non-moving party has no obligation to produce anything, even if the non-moving party would have the ultimate burden of persuasion." *Id.* If the moving party meets its initial burden, the burden then shifts to the opposing party to establish that a genuine dispute as to any material fact actually exists. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). The opposing party cannot "rest upon the mere allegations or denials of [its] pleading but must instead produce evidence that sets forth specific facts showing that there is a genuine issue for trial." *See Estate of Tucker*, 515 F.3d 1019, 1030 (9th Cir. 2008) (internal quotation marks and citation omitted).

The evidence of the opposing party is to be believed, and all reasonable inferences that may be drawn from the facts placed before a court must be drawn in favor of the opposing party. *See Stegall v. Citadel Broad, Inc.*, 350 F.3d 1061, 1065 (9th Cir. 2003). However, "[b]ald assertions that genuine issues of material fact exist are insufficient." *See Galen v. County of Los Angeles*, 477 F.3d 652, 658 (9th Cir. 2007); *see also Day v. Sears Holdings Corp.*, No. 11–09068, 2013 WL 1010547, at *4 (C.D. Cal. Mar. 13, 2013) ("Conclusory, speculative testimony in affidavits and moving papers is insufficient to raise genuine issues of fact and defeat summary judgment."). Further, a "motion for summary judgment may not be defeated . . . by evidence that is 'merely colorable' or 'is not significantly probative.'" *See Anderson*, 477 U.S. at 249–50; *see also Hardage v. CBS Broad. Inc.*, 427 F.3d 1177, 1183 (9th Cir. 2006) (same). If the nonmoving party fails to produce evidence sufficient to create a genuine dispute of material fact, the moving party is entitled to summary judgment. *See Nissan Fire & Marine*, 210 F.3d at 1103.

///

///

## III.    DISCUSSION

### A.    Defendant TCHD's Motion for Summary Judgment

TCHD moves for summary judgment based upon Mota's alleged failure to timely present her tort claim to TCHD as required by California Government Code § 915. (Doc. No. 50 at 8.) Mota responds that the notice was delivered to the legal department and the handling and distribution of the notice thereafter was dependent on the instruction by outside legal counsel. (Doc. No. 52 at 5.) Mota further asserts that Ms. Bond testified during her deposition that "she probably had a discussion with Steve Dietlin, the Boards CEO, about Ms. Mota's claims[.]" (*Id.*) Additionally, Mota requests the Court to defer considering the instant motion to allow her time to take additional discovery. (*Id.* at 6.) TCHD replies that there is no evidence that Mota's claim was received by the Tri-City Medical Center Board and that TCHD has "presented affirmative, undisputed evidence that plaintiff's claim was not delivered to the Board." (Doc. No. 53 at 4.) TCHD also opposes Mota's request for time to take additional discovery. (*Id.* at 7–8.)

Before pursuing a claim for personal injury as a result of the actions or inactions of a local public governmental entity, a plaintiff must present a tort claim within six months of the incident pursuant to Government Code § 915. Cal. Gov't. Code § 911.2(a). The claim must be presented to the local public entity by:

> (1) Delivering it to the clerk, secretary, or auditor thereof.
> (2) Mailing it to the clerk, secretary, auditor, or to the governing body at its principal office.
> (3) If expressly authorized by an ordinance or resolution of the public entity, submitting it electronically to the public entity in the manner specified in the ordinance or resolution.

Cal. Gov't. Code § 915(a).  The California Supreme Court in *DiCampli–Mintz v. County of Santa Clara*, 55 Cal. 4th 983, 986 (2012), has underscored the necessity of strict compliance with the claim presentment requirements set forth in Section 915(a) of the Government Code. The state supreme court explained:

> Even if the public entity has actual knowledge of facts that might support a claim, the claims statute still must be satisfied. The filing of a claim is a

> condition precedent to the maintenance of any cause of action against the public entity and is therefore an element that a plaintiff is required to prove in order to prevail.
>
> A goal of the Government Claims Act is to eliminate confusion and uncertainty resulting from different claims procedures. [T]he purpose of the claims statute is not to prevent surprise, but to provide the public entity sufficient information to enable it to adequately investigate claims and to settle them, if appropriate, without the expense of litigation. . . The claims statutes also enable the public entity to engage in fiscal planning for potential liabilities in the future.
>
> Moreover, the intent of the Government Claims Act is not to expand the rights of plaintiffs against government entities. Rather, the intent of the act is to confine potential governmental liability to rigidly delineated circumstances.

*See DiCampli–Mintz*, 55 Cal. 4th at 990–91 (internal quotation marks and citations omitted). Accordingly, "after *DiCampli–Mintz*, either there must be strict compliance with § 915(a) or the only way to 'substantially comply' with § 915(a) is if there is actual receipt of [a] misdirected claim by one of the statutorily designated recipients (i.e. § 915(e))." *See e.g. Jefferson v. City of Fremont*, No. C-12-0926 EMC., 2013 WL 1747917, at *9 (N.D. Cal. Apr. 23, 2013) (granting Defendant's motion to dismiss for insufficient allegations of compliance under § 915(a) or § 915(e)).

Specifically, Section 915(e) states:

> (e) A claim, amendment or application *shall be deemed to have been presented in compliance with this section even though it is not delivered or mailed as provided in this section if*, within the time prescribed for presentation thereof, any of the following apply:
>
> (1) *It is actually received* by the clerk, secretary, auditor or board of the local public entity.

Cal. Gov't. Code § 915 (emphasis added). Thus, a misdirected claim will only satisfy the statute if a statutorily-designated recipient listed in § 915(e) actually receives it. If the appropriate clerk, secretary, auditor, or governing body "never receives the claim, an undirected or misdirected claim fails to comply with the statute." *Jefferson*, 2013 WL 1747917, at *8; *see also Wilhite v. City of Bakersfield*, No. 1:11-CV-1693 AWI JLT., 2012

WL 273088, at *5 (E.D. Cal. Jan. 30, 2012) ("'substantial compliance' with § 915 requires that a misdirected claim be 'actually received' by the appropriate person or board within the time prescribed for presentation of such a claim.")

Here, it is undisputed that Mota neither delivered nor mailed her claim to the appropriate clerk, secretary, auditor, or governing body of TCHD, as required by § 915(a). (*See generally* Doc. No. 52.) Rather, Mota mailed her claim to TCHD with attention to "Legal Affairs," where it was received first by Marsha Cavanaugh in the Risk Management department, and thereafter by TCHD's legal counsel, Susan Bond. (*Id.* at 3.) Thus, the Court looks to whether § 915(e) is satisfied. Although Mota raises the possibility that Ms. Bond discussed the claim with Steve Dietlin, TCHD's CEO, this fails to satisfy the requirements of § 915(e). First, Mr. Dietlin is not a member of TCHD's board, but is rather CEO of the hospital. (Doc. No. 53 at 7.) Additionally, "[i]t is well-settled that claims statutes must be satisfied even in face of the public entity's actual knowledge of the circumstances surrounding the claim." *DiCampli-Mintz*, 55 Cal. 4th at 991 (quoting *City of Stockton v. Sup. Ct.*, 42 Cal. 4th 730, 738 (2007)) (internal quotations omitted). "Such knowledge—standing alone—constitutes neither substantial compliance nor basis for estoppel." *Willis v. City of Carlsbad*, 48 Cal. App. 5th 1104, 1122 (2020) (quoting *J.J. v. Cty. of San Diego*, 223 Cal. App. 4th 1214, 1219 (2014)). Thus, even if Ms. Bond discussed the publicity surrounding Mota's claim at a TCHD board meeting, § 915(e)(1)'s provision deeming actual receipt of the misdirected claim to constitute compliance was not satisfied. Accordingly, the Court **GRANTS** Defendant TCHD's motion for summary judgment based upon Plaintiff Mota's failure to timely present her tort claim to TCHD as required by California Government Code § 915.

B.  **Plaintiff's Request for Additional Discovery**

Plaintiff requests the Court to permit additional discovery in lieu of entering summary judgment if the Court is inclined to grant TCHD's motion. (Doc. No. 52 at 6.) Plaintiff specifically requests that the instant motion be deferred to allow Mota an opportunity to conduct additionally discovery, "such as request production of the Board of

7